**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADALBERTO DIAZ-OLIVARES, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 22-1857 <br><br> Agency No. <br> A205-855-714 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2026[**]
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Adalberto Diaz-Olivares, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision dismissing an appeal from an

order of an immigration judge ("IJ") denying his applications for cancellation of

removal and voluntary departure.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an agency determination that the facts do not demonstrate "exceptional and extremely unusual hardship" for purposes of cancellation of removal. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We lack jurisdiction to review discretionary denials of voluntary departure that do not present constitutional claims or questions of law. *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021); 8 U.S.C. § 1252(a)(2)(B)(i), (D). We deny the petition in part and dismiss it in part.

1.      For cancellation of removal, a petitioner must establish that removal "would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Diaz-Olivares challenges the agency's determination that he failed to demonstrate that his wife would suffer the requisite hardship if he is removed. *See id.* He testified that, if removed to Mexico, he would be separated from his wife, who suffers from asthma and takes medication. But he also testified that his wife is in "good health" and able to work. Substantial evidence thus supports the BIA's determination that Diaz-Olivares failed to demonstrate exceptional and extremely unusual hardship to his qualifying relative. *See Gonzalez-Juarez*, 137 F.4th at 1006 (stating that, to establish "exceptional and extremely unusual hardship," the hardship "must deviate, in the extreme, from the norm"). We therefore deny the petition as to this claim.

2.      Diaz-Olivares also challenges the agency's denial of voluntary

departure, but we lack jurisdiction to review this claim. He argues that he "demonstrated good moral character" and that the agency should have considered mitigating circumstances regarding his prior misconduct and criminal convictions. But the agency denied voluntary departure "as a matter of discretion," and the agency considered the mitigating circumstances that Plaintiff raises on appeal.

To the extent Diaz-Olivares argues "that the agency did not properly weigh the equities in denying voluntary departure," we are precluded from reviewing such an argument. *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022). We retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), but Diaz-Olivares raises neither. Therefore, we lack jurisdiction and dismiss the petition as to the voluntary departure claim.

The temporary stay of removal shall remain in place until the mandate issues. The motion for a stay of removal, Dkt. 2, is otherwise denied.

**The petition is DENIED in part and DISMISSED in part.**